**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ISAIAH JOEL PETILLO,

              Petitioner - Appellant,

  v.

C. WORLDAND,

              Respondent - Appellee.

No. 12-55934

D.C. No. 2:11-cv-05005-CJC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 16, 2014[**]

Before:     GOULD, BERZON, and BEA, Circuit Judges.

     California state prisoner Isaiah Joel Petillo appeals pro se from the district

court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have

jurisdiction under 28 U.S.C. § 2253. We review de novo, *see McMurtrey v. Ryan*,

539 F.3d 1112, 1118 (9th Cir. 2008), and we affirm.

_____

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petillo contends that the trial court's admission of Emma Duke's testimony violated his Sixth Amendment right to cross-examine two palmprint experts who verified her analysis. Whether or not it was a violation of the Confrontation Clause for Duke to rely on the experts' verification of her conclusions, see *Crawford v. Washington*, 541 U.S. 36 (2004), in light of the rest of Duke's testimony, as well as the other evidence placing Petillo at the murder scene, any error in admitting the testimony was harmless. *See Jackson v. Brown*, 513 F.3d 1057, 1084-85 (9th Cir. 2008).

Petillo also contends that his right to due process was violated because the prosecutor improperly vouched for two expert witnesses. We agree with the district court that it was not contrary to clearly established federal law for the state court to conclude that the prosecution's description of its experts' professional performance and its use of "we" in closing arguments to express reasonable inferences from the evidence admitted at trial were not improper. *See* 28 U.S.C. § 2254(d)(1); *United States v. Ruiz*, 710 F.3d 1077, 1086 (9th Cir.), *cert. denied*, 134 S. Ct. 488 (2013). Further, to the extent there was improper vouching, any error was harmless. *See Fry v. Pliler*, 551 U.S. 112, 127 (2007).

We construe Petillo's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-

1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

The district court did not abuse its discretion in denying Petillo's request for an evidentiary hearing. *See West v. Ryan*, 608 F.3d 477, 484-85 (9th Cir. 2010).

**AFFIRMED.**